IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. McGEE,     No.  CIV.S-05-0339 WBS DAD PS

    Plaintiff,

  v.    FINDINGS AND RECOMMENDATIONS

MMDD SACRAMENTO PROJECT,
a general partnership, et al.,

    Defendants.
_____/

    Petitioner is proceeding in this action pro se.  On February 22, 2005, he filed a petition for removal along with a request to proceed in forma pauperis.  Thereafter, on July 14, 2005, petitioner filed a motion for temporary restraining order.  For the reasons set forth below the undersigned will recommend that this action be summarily remanded to state court and that petitioner's motion for temporary restraining order be denied.

    A review of the petition, as well as the amended petition filed on March 8, 2005, reveals that petitioner is seeking to remove to federal court an unlawful detainer proceeding brought against him

1

1  by his landlord, respondent MMDD Sacramento Project, in Sacramento
2  County Superior Court.  Petitioner's motion for temporary restraining
3  order seeks to enjoin respondent, the County of Sacramento and other
4  officials from evicting him from the commercial property which is
5  involved in the unlawful detainer action in state court.

6  Removal statutes are strictly construed against removal.
7  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.
8  1979).  "Federal jurisdiction must be rejected if there is any doubt
9  as to the right of removal in the first instance."  Gaus v. Miles,
10 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing
11 federal jurisdiction falls on the party invoking removal."  Harris v.
12 Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
13 1994)(quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769,
14 771 (9th Cir. 1986)).

15 Here, plaintiff relies on 28 U.S.C. § 1443 as providing
16 the removal jurisdiction of this court.  A party removing an action
17 under § 1443 must satisfy the following two-part test: (1) the court
18 must determine that the right allegedly being denied the removal
19 petitioner arises under a federal law providing for specific civil
20 rights stated in terms of equality; and (2) the court must determine
21 that the petitioner cannot enforce the specified federal right in
22 state court.  Johnson v. Mississippi, 421 U.S. 213, 220 (1975);
23 Georgia v. Rachel, 383 U.S. 780, 792, 794-99 (1966).

24 Even if petitioner could satisfy the first prong of this
25 test, he cannot meet the second.  In this regard, a defendant has no
26 inherent right to a federal forum to adjudicate a federal right

2

1 absent exclusive federal jurisdiction.  <u>Franchise Tax Bd. v. Constr.</u>
2 <u>Laborers Vacation Trust</u>, 463 U.S. 1, 10-12 (1983).

> [T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can clearly be predicted by reason of the operation of a pervasive and explicit state law or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

<u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 828 (1966).  This showing normally requires that "the denial be manifest in a formal expression of state law."  <u>Rachel</u>, 384 U.S. at 803; <u>see also</u> <u>Johnson</u>, 421 U.S. at 220.

Plaintiff contends that his landlord's bringing of an unlawful detainer action against him in state court, alleging failure to pay the rent on his business location, was racially motivated. Petitioner claims that his landlord as well as state and city officials have violated his federal rights with respect to the business property which is involved in the state court unlawful detainer action.  However, this is a garden-variety unlawful detainer action properly filed in state court.  Petitioner has not sufficiently alleged specific facts substantiating his claims that his federal rights have been violated.  Nor has petitioner demonstrated that he will be denied his rights under federal law if this matter remains in state court.  State courts are bound to uphold the federal constitution and there is no reason to doubt that the state court will do so in this action.

/////

3

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a temporary restraining order be denied;

2. This state civil action be summarily remanded to the Sacramento County Superior Court;

3. Petitioner's application to proceed in forma pauperis be denied without prejudice as moot; and

4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\mcgee0339.f&r.remand

4